**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

MARY ELIZABETH KIRKLAND,

    Plaintiff,

v.                                              CASE NO. 1:14-cv-00191-MP-CAS

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

_____/

## **O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated April 20, 2015. (Doc. 17). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The time for filing objections has passed, and none have been filed.

Having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted. Pursuant to both the Report and Recommendation and Defendant's motion at doc. 16, the denial of benefits in this case should be reversed and this matter should be remanded under sentence four of 42 U.S.C. § 405(g). A remand under sentence four is considered a final judgment. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006). Thus, absent a court order stating otherwise, a successful plaintiff's counsel would normally have fourteen days after the order of remand to file a motion with the District Court requesting an award of attorney fees. FED. R. CIV. P. 54(d)(2)(B). This Rule has been interpreted by the Eleventh Circuit to even apply to a request for fees to be paid from a plaintiff's

past due benefits pursuant to 42 U.S.C. § 406(b)(1).  *Bergen*, 454 F.3d at 1277–78.  However, the plaintiff's counsel in such a case will not know the amount of benefits - and therefore fees - until after the Commissioner awards benefits (if it does), which typically takes longer than fourteen days after the entry of judgment.  Therefore, an extension of time to seek such fees is warranted, and was recommended by the *Bergen* opinion.  *Id.*

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation (doc. 17) is adopted and incorporated by reference in this order.

2. Defendant's motion (doc. 16) is GRANTED.

3. The decision of the Commissioner, denying benefits, is REVERSED and this matter is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g).

4. The Clerk is directed to enter final judgment in favor of the Plaintiff, reversing the decision of the Commissioner and remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings.

5. Pursuant to *Bergen*, proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b), are stayed until the matter is fully adjudicated upon remand. The Plaintiff shall file a motion to award fees under § 406(b) within thirty (30) days after counsel receives notice from the Commissioner as to the Plaintiff's past due benefits.

6. This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, and not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

**DONE AND ORDERED** this   *26th* day of May, 2015

                    *s/Maurice M. Paul*
                    Maurice M. Paul, Senior District Judge